## Harleysville Mutual Casualty Company v. Adair

*P. A. Lockrey*, for plaintiff.

*A. Schlessinger*, for defendant.

ALESSANDRONI, P. J., October 29, 1965.—This action in equity was filed by insurance company seeking a decree restraining arbitration proceedings instituted by its insured. Defendant had invoked the arbitration clause in plaintiff's policy set forth in the "uninsured motorist coverage". Count two of the complaint seeks a declaratory judgment. Defendant filed preliminary objections in the nature of a demurrer.

A rule for a preliminary injunction was granted and a hearing had thereon.

The gist of the complaint is that defendant, plaintiff's insured, has refused to make full disclosure and has failed to negotiate in good faith. One of its prayers for relief seeks an order subjecting Adair to oral deposition. The granting of the right to take an oral deposition would convert the uninsured coverage into an adversary action. The policy by providing for arbitration indicates a clear intention to avoid adversary action. Parenthetically, suppose Adair elected to institute action in court instead of arbitration, we would not permit him to do so.

It appears axiomatic that underlying defendant's claim before the arbitrator is fulfillment of all conditions precedent to a recovery. The testimony at the hearing disclosed that plaintiff had had defendant examined by its own doctor, had obtained a statement from him and had all the information to which it is entitled. It is difficult to determine what else they should have and they should not be permitted to make a unilateral determination.

The arbitration clause provides that arbitration shall encompass two questions: (a) Is claimant legally entitled to recover from the uninsured motorist, and (b) the amount of payment, if any.

It would appear that insurance company has not given up its right to disclaim if its insured fails to cooperate, or to assert against the insured any other defenses it may have.

It has already obtained the information to which it is entitled. The hearing failed to produce evidence to warrant a preliminary injunction and the rule, therefore, was discharged.

We also hold that the complaint fails to state a cause of action and the preliminary objections were sustained and the complaint dismissed.